# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON DOHERTY, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 12-171-RAW-KEW |
| JASON BRYANT, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, attacks his conviction in Murray County District Court Case No. CF-2009-14 for Bringing Contraband into a Jail/Penal Institution. He sets forth the following grounds for relief:

    I.    Petitioner's right to the Sixth Amendment was violated.

    II.    Petitioner was convicted on insufficient evidence that did not prove his guilt beyond a reasonable doubt.

    III.    Petitioner was denied a fair trial when defense counsel did not excuse prejudiced juror.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review. The following records have been submitted to the court for consideration in this matter:

    A.    Petitioner's direct appeal brief and supplemental appeal brief following remand.

    B.    The State's brief in petitioner's direct appeal and the State's post-

evidentiary hearing supplemental brief.

    C.    Summary Opinion affirming petitioner's judgment and sentence. *Doherty v. State*, No. F-2009-817 (Okla. Crim. App. Dec. 10, 2010).

    D.    Petitioner's application for post-conviction relief.

    E.    Order Declining Jurisdiction of petitioner's post-conviction appeal. *Doherty v. State*, No. PC-2011-560 (Okla. Crim. App. June 27, 2011).

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Facts**

The Oklahoma Court of Criminal Appeals (OCCA) set forth the case history as follows:

> Deputy Jason Conyer of the Murray County Sheriff's Department testified at trial that on January 23, 2009, he was given a note that had been found outside a jail cell. The note stated that Doherty had marijuana in his cell. Deputy Conyer went to Doherty's cell and took him to an office near the jail's front entrance. Deputy Conyer told Doherty that he had received information that Doherty had brought marijuana into his cell. Doherty denied any knowledge of the marijuana. Deputy Conyer then asked Doherty what bunk he slept in. Doherty replied that he did not sleep on a bunk, but slept on

a mattress on the floor between a bunk and the shower.[1] Deputy Conyer went to the cell and had all the inmates removed. He searched the cell and found marijuana in Doherty's mattress.

Deputy Conyer returned to the office and told Doherty what he found. According to Deputy Conyer, Doherty then said "he was sorry he lied to me previously and that the reason why he lied to me was because he was scared and he was going to get in trouble." (Tr. at 55).

. . . Doherty contends that the statements he made to Deputy Conyer should have been suppressed as involuntary because he was in custody at the time and had not been given *Miranda* warnings. Trial counsel neither moved to suppress the statements, nor objected at trial to their admission. Consequently this issue is waived and reviewed only for plain error. *Dunkle v. State*, 139 P.3d 228, 235-36 (Okla. Crim. App. 2006). Acknowledging that trial counsel did not object to the statements, Doherty also couches his claim in terms of ineffective assistance of counsel by arguing that trial counsel was constitutionally ineffective for not objecting to Deputy Conyer's testimony on *Miranda* grounds.

Realizing that the trial record and record of pretrial proceedings were silent on whether Doherty ever received *Miranda* warnings and on the specific circumstances under which he was questioned, this Court remanded the case for an evidentiary hearing to supplement the record on Doherty's ineffective assistance claim. The remand order directed the district court to determine: (1) whether Doherty was ever provided *Miranda* warnings; (2) whether Doherty, a jail inmate, was actually in custody for *Miranda* purposes at the time he made the incriminating statements; and (3) whether trial counsel's performance was deficient for not objecting or moving to suppress.

On remand, the district court received testimony from Deputy Conyer and from Doherty. Deputy Conyer's testimony added details not included in his trial testimony. Deputy Conyer stated that he did not give Doherty *Miranda* warnings before questioning him about the marijuana.[2] Additionally, according to Deputy Conyer, Doherty was not in handcuffs when he was questioned. He also testified that the office door was open. Deputy Conyer explained that in his view, Doherty was not under arrest and that Doherty was

---

[1] There were between five and nine inmates housed in Dougherty's cell.

[2] Nor did he give *Miranda* warnings to Doherty when he arrested him the previous day.

3

free to leave the office at any time. Deputy Conyer testified further, however, that when he left the office to search the cell, he instructed a jailer to "stand by the door and watch Mr. Doherty." (Tr. 06/04/2010 at 9). Deputy Conyer testified, consistent with his trial testimony, that on his return to the office he told Doherty that he found marijuana in the cell and that Doherty replied that he had lied earlier and that the marijuana was his. Deputy Conyer denied making the statement to Doherty to elicit a response from him. After this brief exchange, Deputy Conyer released Doherty to the jailer for return to his cell.

Doherty did not testify at trial but did testify at the evidentiary hearing. Not surprisingly, his testimony differed from Deputy Conyer's on several points. In particular, Doherty claimed that during the initial encounter with Deputy Conyer, before the cell was searched, he was strip searched by Deputy Conyer who told him "okay, if you want to play this f-----g game stand up and strip your clothes." (Tr. 06/04/2010). Doherty also claimed that during and after the initial encounter, with a jailer in the office with him, and having been strip searched, he did not feel free to leave the office. Significantly, however, Doherty denied that Deputy Conyer asked him any questions after returning from the jail cell and Doherty denied saying anything to Deputy Conyer. Specifically, Doherty testified that when Deputy Conyer returned to the office, he simply said, "Mr. Doherty, I got your stuff right here in my pocket" (Tr. 06/04/2010 at 24), and he (Doherty) said nothing in response. Doherty denied any further questioning by Deputy Conyer. Consistent with Deputy Conyer's testimony, Doherty also testified that he was never given *Miranda* warnings.

*Doherty v. State*, No. F-2009-817, slip op. at 1-4 (Okla. Crim. App. Dec.10, 2010) (footnotes in original) (Dkt. 14-3). The OCCA's factual findings are entitled to a presumption of correctness, unless petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

The district court announced the following findings from the bench: "(1) Doherty was never given *Miranda* warnings; (2) there was no reason that *Miranda* warnings were necessary during the first encounter with Deputy Conyer; (3) *Miranda* warnings were irrelevant during the second encounter because Doherty denied making any statements; and (4) trial counsel was not ineffective for not objecting or moving to suppress." *Doherty*, No.

F-2009-817, slip op. at 4-5. The "sum total" of the district court's rationale for its decision was:

> The court finds that trial counsel was not ineffective for not objecting to statements to [sic] the appellant made because the appellant was not in custody for *Miranda* purposes and now denies being asked any question s [sic] once the marijuana was found and further denies making any statements to the deputies after the marijuana was found.

*Id*. at 5 (citing Order Following Remand for Evidentiary Hearing, June 7, 2010, slip op. at 2).

> The second encounter between Doherty and Deputy Conyer presents a different situation. The record of the evidentiary hearing show that upon his return to the office where Doherty had been left in the custody of a single jailer, Deputy Conyer told Doherty that "I got your stuff right here in my pocket." (Tr. 06/04/2010 at 24). Assuming without deciding that Doherty was in custody at this point because Deputy Conyer now had cause to arrest him, and assuming further that Deputy Conyer's statement was actually intended to elicit an incriminating response, despite not being posed in question form, there is still no *Miranda* violation. This is because Doherty testified at the evidentiary hearing that he said nothing in response to Deputy Conyer's statement. Therefore, assuming the second encounter with Deputy Conyer transpired as described by Doherty, there were no statements to suppress. Consequently, trial counsel would have had no basis for an objection or motion to suppress because there were no statements to suppress. If trial counsel had objected or moved to suppress and presented Doherty's testimony as support, any such motion or objection would have been properly denied or overruled. Trial counsel was not ineffective for failing to object or move to suppress statements made during Doherty's second encounter with Deputy Conyer. *See Short v. State*, 980 P.2d 1081, 1106-07 (Okla. Crim. App. 1999).

*Doherty*, slip op. at 9-10. The OCCA noted that "[t]he trial court clearly found Dougherty's testimony [that he had not responded to Deputy Conyer's statement that he had Dougherty's stuff in his pocket] to be truthful." *Id*. at 10 n.5. The OCCA deferred to that issue of witness credibility. *Id.*

**Ground I: Sixth Amendment Violation**

5

Plaintiff alleges the statements he made in response to questioning about contraband by a sheriff's deputy while in custody as a jail inmate should have been suppressed as evidence, because he was not warned of his *Miranda* rights. The OCCA held that "*Miranda* warnings were unnecessary in this instance and that trial counsel was not ineffective." *Doherty*, No. F-2009, slip op. at 6 (footnote omitted). The OCCA agreed. *Id*. at 6 (footnote omitted).

> . . . [A] defendant undergoing custodial interrogation must be "warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* *Miranda* warnings are not required, however, for general "on-the-scene questioning" to determine whether a crime is in progress or has been committed. *Id*. at 477-78. *See also Cervantes v. Walker*, 589 F.3d 424, 427 (9th Cir. 1978) (quoting *Lowe v. United States*, 407 F.2d 1391, 1394 (9th Cir. 1969)) (holding that "on-the-scene questioning permits an officer 'to determine whether a crime has been committed or is in progress.'").
>
> Furthermore, defendants who are already in custody as jail or prison inmates need not receive *Miranda* warnings if they are questioned on matters involving prison discipline. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) (quoting *Wolff v. McDonnell*, 418 U.S. 530, 556 (1974)). . . . However, as with any other accused, an inmate must have been given *Miranda* warning for statements made during a custodial interrogation to be admissible as evidence in a criminal trial. *See Mathis v. United States*, 391 U.S. 1 (1968) (finding that Miranda warnings were required in prison during inmate's incarceration for separate offense). . . .
>
> In this instance, there is no dispute that Doherty was in custody as a jail inmate. Nor is there any dispute that he was not given *Miranda* warnings, or that he was questioned by Deputy Conyer in jail, and that statements Doherty made in response to Deputy Conyer's questions were admitted in evidence against him in a criminal trial, not a jail disciplinary proceeding. The determinative question then is whether Deputy Conyer's interrogation of

> Doherty was a custodial interrogation requiring *Miranda* warnings, or whether the interrogation was on-the-scene questioning in which Deputy Conyer attempted to determine whether a crime had been committed.
>
> The facts as developed at the evidentiary hearing show that upon receipt of the note about Doherty having marijuana in the jail cell, Deputy Conyer took Doherty to an office where Deputy Conyer asked him: (1) if he had marijuana; and (2) which bunk or sleeping mat was his. During this meeting, Doherty was not in handcuffs or any other type of restraint. The door to the office remained open and Deputy Conyer and Doherty were the only persons in the room. Additionally, the entire encounter was very brief, no longer than four or five minutes. Under these circumstances, where Doherty was not placed under any additional restraint or restriction beyond those he was already subject to as a jail inmate, and given that the entire encounter spanned no more than a few minutes, we find that Deputy Conyer's questions did not constitute custodial interrogation and the encounter was therefore more like an initial on-the-scene investigation to determine whether a crime was in progress or had been committed. An on-the-scene inquiry such as this does not require *Miranda* warnings. On these faces, therefore, had trial counsel raised a *Miranda* objection, it properly would have been overruled. Trial counsel was not ineffective for not objecting to or moving to suppress Doherty's statements from this initial encounter with Deputy Conyer. *See Short v. State*, 980 P.2d 1081, 1106-07 (Okla. Crim. App. 1999) (holding that counsel cannot be found ineffective for failing to raise objection to evidence where objection would have been properly overruled).

*Doherty*, slip op. at 6-9.

The OCCA noted in a footnote that "Doherty's testimony painted a different and more oppressive picture of the encounter than that presented by Deputy Conyer." *Id.*, slip op. at 9 n.4. Although Doherty claimed that Deputy Conyer cursed and strip-searched him, the trial court found this initial encounter was not a custodial interrogation, and "implicitly found Deputy Conyer's testimony credible and Doherty's not." *Id.*

The respondent alleges the OCCA's determination that petitioner's confession was voluntary was not contrary to or an unreasonable application of Supreme Court precedent. Petitioner claims that his statement that he was sorry for previously lying to Deputy Conyer

7

and that he had lied because he was scared and was afraid of getting in trouble was involuntary and should have been suppressed because he was not given his *Miranda* warnings. In addition, he claims his counsel was ineffective in failing to move to suppress the statements.

*Miranda* warnings are required when the defendant is in custody and subject to interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). A person is "in custody" for the purposes of *Miranda*, if he "has been deprived of his freedom of action in any significant way," *Miranda*, 384 U.S. at 444, or his freedom of action has been curtailed to a "degree associated with a formal arrest," *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (per curiam).

> Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave. . . . The first inquiry, all agree, is distinctly factual. State-court findings on these scene- and action-setting questions attract a presumption of correctness under 28 U.S.C. § 2254(d). The second inquiry, however, calls for application of the controlling legal standard to the historical facts.

*Thompson v. Keohane*, 516 U.S. 99, 113 (1995) (footnote omitted).

> "The determination of custody, from an examination of the totality of the circumstances, is necessarily fact intensive." *United States v. Griffin*, 7 F.3d 1512, 1518 (10th Cir. 1993). We thus avoid hard line rules and instead allow several non-exhaustive factors to guide us. First, we consider "the extent to which the suspect is made aware that he or she is free to refrain from answering questions or to end the interview at will." *Id*. Second, we look at "the nature of questioning," where "prolonged accusatory questioning is likely to create a coercive environment from which an individual would not feel free to leave." *Id*. Finally, by using the following helpful guideposts, we check whether police dominate the encounter: [S]eparation of the suspect from family or colleagues who could offer moral support; isolation in nonpublic questioning rooms; threatening presence of several officers; display of a

8

weapon by an officer; physical contact with the subject; and an officer's use of language or tone of voice in a manner implying that compliance with the request might be compelled. *Id.* at 1518-19. Although these factors are useful, we emphasize that we must look to the totality of the circumstances and consider the police-citizen encounter as a whole, rather than picking some facts and ignoring others.

*United States v. Jones*, 523 F.3d 1235, 1240 (10th Cir. 2008).

After careful review of the totality of the circumstances, the court finds petitioner was not "in custody" when he was questioned on-the-scene. The court further finds the determination of petitioner's claim by the OCCA was not contrary to, or an unreasonable application of, clearly established federal law, and the OCCA's decision was not based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

As for petitioner's claim that he was denied the effective assistance of counsel when counsel failed to move to suppress the statement, that claim also fails. The hearing on the issue determined that the statement was admissible, and even if an objection had been made, it would not have been meritorious. Petitioner must establish both that his trial attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, (1984). Petitioner, however cannot show counsel's failure to challenge the statements amounted to deficit performance, because any evidence that would have been presented in a motion to suppress hearing was presented to the trial court, appealed to the OCCA, and found not to be meritorious.

**Grounds II and III**

Petitioner alleges in Grounds II and III that the evidence was insufficient, and he was

denied effective assistance of counsel at trial because counsel failed to object to the seating of a juror. Petitioner first presented these claims in his application for post-conviction relief, which the trial court dismissed as procedurally barred. *Doherty*, No. CF-09-14 (Murray County Dist. Ct. Apr. 19, 2011). The OCCA declined jurisdiction because of petitioner's failure to attach to the Petition in Error a certified copy of the district court's order being appealed, as required by Rule 5.2(C)(2), *Rules of the Okla. Ct. of Crim. App.*, Title 22, Ch. 18, App. (2011). *Doherty v. State*, No. PC-2011-560 (Okla. Crim. App. June 27, 2011) (Dkt. 14-5).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Tenth Circuit has acknowledged Oklahoma's consistent application of the "waiver" rule in appellate proceedings and that the OCCA's procedural bar rests on an adequate and an independent state ground. *Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993). *See also Johnson v. Champion*, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002) (finding that "the declination of jurisdiction [pursuant to Rule 5.2(C)] rested on a state law ground 'independent' of federal law," and the ground also was "adequate."

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a

10

*possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Here, the court finds that application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and petitioner has not met the requirements of a showing of cause and prejudice.

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-942 (10th Cir. 1997) (internal quotations omitted). Petitioner has not made a colorable showing of factual innocence, so relief cannot be granted.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the

Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 3rd day of August 2015.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**